## SPANG BAKING CO v DIETRICH

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12069.  Decided July 5, 1932

MAUCK, PJ, and MIDDLETON, J, (4th Dist), and FARR, J (7th Dist), sitting.

Howell, Roberts & Duncan, Cleveland, for plaintiff in error.

Newcomb, Newcomb & Nord, Cleveland, for defendant in error.

FARR, J.

If Eppley's story be true, then Fox may have struck the hinge while standing on the rear step or iron guard, or if Fox was lying in the bread compartment with his feet and part of his limbs protruding, in moving around he may have loosened the hinge, or, if Fox were in the bread compartment and attempting to hand out the loaf of bread, he may have caught hold of the hinge or accidentally struck it.  If the falling of the door was caused by a defective hinge, then there would be no question as to the liability of the defendant below.  If caused by the second, that is that Fox did not fully close the hinge, or third, that he accidentally struck the hinge with some part of his body while trying to get the bread, there might be a question as to whether or not the company could be held liable, unless it could be shown that Fox knew that plaintiff was standing underneath the door in a position of danger.  It may be deduced from the foregoing, therefore, that the falling of the door may have been caused by either of three possible things.  Therefore, the rule of res ipsa loquitor does not apply, and as held in **Cleveland Ry. Co. v Southerland, 115 Oh St 262**, which case is fairly

well upon the point in the instant case; See also 29 Cyc 624, 45 C. J. 1213. **Livingston & Co. v Streeter, 114 Oh St 144,** and other cases and authorities might be cited which sustain this view.

The trial court charged squarely that the maxim of res ipsa loquitor applied in the instant case, which parts of the charge it is not necessary to here repeat. Such instruction violates the principle announced in **116 Oh St 451.** It is sufficient to say, therefore, that in view of the conclusions reached that the trial court was in error in its charge upon the maxim of res ipsa loquitor, and for that reason it follows that the judgment must be reversed, and it is so ordered.

MAUCK, PJ, MIDDLETON, J, concur.